HOME TELEPHONE CO. v. HOME DREDGING CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 12, 1917.)

No. 2895.

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Suit in admiralty by the Home Telephone Company against the Home Dredging Company and dredge No. 4; Home Dredging Company, claimant. Decree for respondents (241 Fed. 201), and libelant appeals. Affirmed.

Palmer Pillans, of Mobile, Ala., for appellant.

T. M. Stevens, of Mobile, Ala., for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. We have examined the record and briefs in this case, and we reach the same conclusion as to the facts and law as in the lower court.

The judgment appealed from is affirmed.

---

EVANS v. ASSOCIATED AUTOMATIC SPRINKLER CO.

(Circuit Court of Appeals, Third Circuit. March 29, 1917.)

No. 2150.

1. PATENTS ☞90(5)—PRIORITY OF INVENTION—RULE OF EVIDENCE.
    On the question of priority between two inventors, each of whom used reasonable diligence in adapting and perfecting his invention by reducing it to practice, each can carry the date of his invention back to the date of his conception and disclosure, and the one who first conceived and disclosed his invention, and with reasonable diligence connected his conception with its reduction to practice, is the original and first inventor under the statute, without regard to which of the two first completed the reduction to practice.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 116.]

2. PATENTS ☞91(1)—PRIORITY OF INVENTION—BURDEN OF PROOF.
    In a contest between rival inventors for priority of invention, where both have reduced their conception to practice, the burden is on the second reducer to practice to show his prior conception, and to establish the connection between his conception and its reduction to practice by proof of due diligence.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 121.]

3. PATENTS ☞91(3)—PRIORITY OF INVENTION—BURDEN AND MEASURE OF PROOF.
    Where, through inadvertence, interference was not declared between two pending applications for the same invention until after a patent had been issued to the junior applicant, who brought suit for infringement against the other applicant, and interference proceedings later declared were suspended to await the determination by the court of the issue of priority of invention, the patentee, although the second constructive re-